THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AVT CALIFORNIA, L.P., a Utah limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO BIZZARRO, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [15] PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00623-DBB-DBP<br><br>District Judge David Barlow |

AVT California, L.P. ("AVT") sued Angelo Bizzarro in September 2022, alleging breach of contract and breach of the covenant of good faith and fair dealing and seeking foreclosure of a security interest.[1] AVT now moves for summary judgment on its breach of contract claim and its claim for foreclosure on its security interest.[2] For the following reasons, the court denies the motion.

## BACKGROUND

AVT entered into a lease agreement on March 8, 2021 with FoodService Partners, LLC and FSPH, Inc. (collectively "Lessees"), whereby AVT leased equipment to Lessees in exchange for monthly payments of $10,598.08.[3] The lease term was to be 48 months.[4] Lessees stopped making payments on July 1, 2022.[5] The lease included an acceleration clause, and a liquidated

---

[1] Compl. ¶¶ 24–37, ECF No. 2.
[2] Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot"), ECF No. 15.
[3] Decl. of Chris Emery ("Emery Decl.") ¶¶ 4, 5, 8, ECF No. 15-1.
[4] *See* Lease Schedule No. FSPH_001, ECF No. 15-1, Exh. 2.
[5] Emery Decl. ¶ 10.

damages schedule, which would entitle AVT to $443,810 given the timing of Lessee's default.[6] Mr. Bizzarro is alleged to have executed a Personal Guaranty contract, through which he was to assume liability for default on the lease.[7] Mr. Bizzarro has not made any payments to AVT.[8] Thus, AVT commenced this suit on September 22, 2022, seeking to enforce the Guaranty.[9] On July 14, 2023, AVT moved for partial summary judgment.[10] The motion was fully briefed on October 27, 2023.

**STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "[T]he moving party carries the initial burden of demonstrating a lack of genuine issue of material fact," and thereafter, "the burden shifts to the nonmoving party 'to set forth specific facts showing that there is a genuine issue for trial.'"[12] However, when the moving party bears the burden of proof at trial, the "*showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*."[13] "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment."[14] And when applying

---

[6] *Id.* ¶¶ 13–15; *see also* Master Lease Agreement ¶ 20, ECF No. 15-1 Exh. 1; Stipulated Loss Schedule, ECF No. 15-1, Exh. 2.B.
[7] Emery Decl. ¶ 6; *see also* Personal Guaranty, ECF No. 15-1, Exh. 3.
[8] Emery Decl. ¶¶ 16–17.
[9] Compl.
[10] Pl.'s Mot.
[11] Fed. R. Civ. P. 56(a).
[12] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).
[13] *Id.* (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)).
[14] *Id.* (quoting 11 James WM. Moore et al, <u>Moore's Federal Practice</u> § 56.40 (3d ed. 2015)).

the Rule 56 standard, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party."[15]

**DISCUSSION**

### A. Breach of Contract Claim

Under Utah law, there are four elements to a breach of contract claim: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[16] One of the requirements for the existence of a contract is that the contract satisfy the statute of frauds.[17] Since the lease term itself was for 48 months, and since Mr. Bizzarro was allegedly serving as a guarantor, the Personal Guaranty at issue here was required to be signed by Mr. Bizzarro in order to be enforceable against him.[18]

Mr. Bizzarro seeks to resist summary judgment by arguing that there is a dispute of material fact that he guaranteed the lease since AVT has failed to authenticate his signature on the Guaranty.[19] Therefore, Mr. Bizzarro disputes only the first element of AVT's breach of contract claim. In reply, AVT argues that Mr. Bizzarro waived his argument by failing to raise it in his Answer; that it has presented sufficient evidence to authenticate his signature; and that there is no genuine dispute of material fact that the signature is Mr. Bizzarro's.[20]

### 1. Waiver

Rule 12 of the Federal Rules of Civil Procedure states: "[e]very defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required."[21] Likewise,

---

[15] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1182 (10th Cir. 2003).
[16] *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388.
[17] *See* Utah Code § 25-5-4(1).
[18] *Id.* § 25-5-4(1)(a), (b).
[19] Defendant's Opp'n to Plaintiff's Mot. for Partial Summ. J. ("Def.'s Opp'n") 2–9, ECF No. 20.
[20] Pl.'s Reply 5–11.
[21] Fed. R. Civ. P. 12(b).

Rule 8 requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it."[22] And further, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."[23] However, as the Tenth Circuit has observed, while the "general rule is that a party waives its right to raise an affirmative defense . . . when the party fails to raise the defense in its pleadings," courts must also consider the liberal pleading rules and avoid hypertechnicality.[24] Instead, courts are to focus on the purpose of this rule, which is "to give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate."[25] Thus, "in the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment."[26]

For starters, evidentiary objections—such as authentication—would not fall within the purview of Rule 8's waiver rule, since evidentiary objections are not affirmative defenses. Next, to the extent Mr. Bizzarro denies that the signature on the Guaranty is his signature,[27] that defense was not waived. The Complaint alleges that Mr. "Bizzarro entered into a Personal Guaranty, dated March 8, 2021" and that "[p]ursuant to the Guaranty, [Mr.] Bizzarro agreed to guarantee all of Lessees' obligations under the Lease."[28] In his Answer, Mr. Bizzarro responded: "The Guaranty speaks for itself. [Mr.] Bizzarro denies any allegation inconsistent with the

---

[22] Fed. R. Civ. P. 8(b)(1).
[23] Fed. R. Civ. P. 8(c).
[24] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009).
[25] *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).
[26] *Buckles Mgmt., LLC v. InvestorDigs, LLC*, 728 F.Supp.2d 1145, 1149 (D. Colo. 2010).
[27] *See* Decl. of Angelo Bizzarro ¶ 8, ECF No. 20-1 ("I have no recollection of receiving or electronically signing the Guaranty.").
[28] Compl. ¶¶ 11–12.

Guaranty."[29] He then set forth nine affirmative defenses.[30] One of these affirmative defenses was

that "AVT's claims are or may be barred by the statute of frauds."[31] Because the statute of frauds

is primarily concerned with the issue of whether a contract was signed by the party against whom

enforcement is sought,[32] by raising the statute of frauds as an affirmative defense in his Answer,

Mr. Bizzarro put AVT on notice of his argument that he may not have signed the Guaranty. In

any event, AVT had adequate opportunity to reply to Mr. Bizzarro's defense and has not shown

prejudice.[33] For all of the foregoing reasons, no waiver occurred here.

### 2.   Authentication

Mr. Bizzarro argues that AVT failed to authenticate his signature in its Motion, and

because of that failure AVT cannot satisfy its burden of proving that a contract existed.[34] AVT

provided additional facts on reply to address the authentication issue.[35]

"A party may object that the material cited to support or dispute a fact [for purposes of

summary judgment] *cannot* be presented in a form that would be admissible in evidence."[36] This

means that the "content or substance of the evidence must be admissible" at trial,[37] not that

evidence must be produced in "a form that would be admissible at trial."[38] In other words, "[t]he

requirement is that the party submitting the evidence show that it will be *possible* to put the

---

[29] Answer ¶¶ 11–12, ECF No. 6.

[30] *Id.* 5–6.

[31] *Id.* 5.

[32] *See WDIS, LLC as Trustee of MDMG Trust, Dated Apr. 25, 2016 v. Hi-Country Ests. Homeowners Ass'n*, 2022 UT 33, ¶ 31, 515 P.3d 432; Utah Code § 25-5-4.

[33] *Cf. Buckles Mgmt.*, 728 F.Supp.2d at 1149.

[34] Def.'s Opp'n 10–11.

[35] *See* Pl.'s Reply 2–5.

[36] Fed. R. Civ. P. 56(c)(2) (emphasis added).

[37] *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016).

[38] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

information, the substance or content of the evidence, into an admissible form."[39] Rule 901 of the Federal Rules of Evidence requires that "the proponent [of an item of evidence] must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[40] "Although Rule 901 serves an important gatekeeping function, 'the bar for authentication of evidence is not particularly high.'"[41] Even assuming full authentication is required at this stage,[42] AVT has presented sufficient admissible evidence to meet this low bar.

At the outset, in order for an electronic signature to be attributed to a person under Utah law, it must be "the act of the person."[43] This "may be shown in any manner."[44] The signature on the Personal Guaranty was executed electronically via DocuSign.[45] In reply, AVT presents a declaration of Mr. Kevin Egbert, who was AVT's Credit Manager at the time the lease was executed.[46] Mr. Egbert declares that during the underwriting process for the lease between AVT and Lessees, he "participated in a phone call with [Mr.] Bizzarro" and that Mr. Bizzarro agreed to personally guarantee the lease.[47] Further, Mr. Egbert declares that AVT received copies of Mr. Bizzarro's personal tax returns, which is routine process when it requests a personal guaranty on a lease.[48] AVT also points out that Mr. Bizzarro produced the Personal Guaranty in his initial

---

[39] *Id.* (quoting 11 Moore's Federal Practice § 56.91).
[40] Fed. R. Evid. 901(a).
[41] *United States v. Quintana*, No. 22-2069, 2023 WL 4287509, *4 (10th Cir. June 30, 2023) (quoting *United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019)).
[42] *Compare Turner v. Metro. Prop. & Cas. Ins. Co.*, 601 F.Supp.3d 1066, 1071 (N.D. Okla. 2022) ("Documentary evidence submitted in support of summary judgment must either be properly authenticated or self-authenticating under the Federal Rules of Evidence.") *with Welsh v. Safeco Ins. Co. of Am.*, 2023 WL 2243178, *8 (D. Utah Feb. 27, 2023) (accepting that "full authentication" was not required for purposes of summary judgment since it was clear that "it will be possible to authenticate" the document at trial).
[43] Utah Code § 46-4-203(1)(a).
[44] *Id.* (1)(b).
[45] *See* Personal Guaranty.
[46] Declaration of Kevin Egbert ¶ 2, ECF No. 26-7.
[47] *Id.* ¶¶ 3–8.
[48] *Id.* ¶ 9.

6

disclosures.[49] Finally, AVT has presented automated emails from DocuSign suggesting that Mr. Bizzarro opened the attached documents, along with the DocuSign Certificate of Completion that suggests that Mr. Bizzarro signed some documents related to the lease.[50]

While AVT does not present evidence of DocuSign's processes, or a declaration of the individual who sent the guaranty agreement to Mr. Bizzarro via DocuSign,[51] the evidence it does present is sufficient to support the admissibility of the foregoing evidence, including a possible finding that the signature on the guaranty is authentic.

### 3. Factual Dispute on Mr. Bizzarro's Signature

Mr. Bizzarro argues that even if the court holds that the signature on the guaranty agreement is admissible, "the ultimate decision as to its authenticity and weight is for the jury and not the court."[52]

A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[53] Several courts have held that a declaration or claim that a party does not remember signing a document is insufficient to raise a genuine issue of material fact.[54] Other courts have held that a sworn statement that a party did not sign an agreement can raise a genuine dispute of material fact, especially absent sufficient corroborating

---

[49] *See* Def.'s Initial Disclosures, ECF Nos. 26-1, 26-2.
[50] *See* Mar. 8, 2021 DocuSign Email, ECF No. 26-5; Mar. 11, 2021 DocuSign Email, ECF No. 26-6; Certificate of Completion, ECF No. 15-1, Exh. 1, p.14. Notably, these DocuSign documents were sent to and signed by a user using angelo@fsp98.com. Mr. Bizzarro has admitted that this was his email at the time. *See* Bizzarro Decl. ¶ 4.
[51] *Cf., e.g.*, *Fabian v. Renovate Am., Inc.*, 255 Cal.Rptr.3d 695, 700–02 (Cal. Ct. App. 2019).
[52] Def.'s Opp'n 10–11.
[53] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[54] *See, e.g.*, *Motiva Enters. LLC v. W.F. Suchk Petroleum*, No. 3:10-cv-793 (JCH), 2012 WL 601245, *14 (D. Conn. Feb. 22, 2012); *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-cv-01574-RM-SKC, 2019 WL 2189481, *2 (D. Colo. May 21, 2019).

evidence.[55] But the court need not reach that issue. As both the moving party and the party that would bear the burden of proof at trial, AVT itself must present evidence such that no rational jury could do anything but hold in its favor.[56] It has not done so.

AVT has produced the following evidence to support a finding that the signature on the Guaranty is Mr. Bizzarro's: (a) the declaration of Mr. Egbert that he discussed with Mr. Bizzarro the possibility of Mr. Bizzarro signing the Guaranty, and that AVT received Mr. Bizzarro's personal tax returns[57]; (b) the fact that Mr. Bizzarro produced the lease documents, including the Personal Guaranty, in his initial disclosures[58]; (c) the fact that the electronic signature on the Personal Guaranty is identical to other electronic signatures used by Mr. Bizzarro[59]; and (d) evidence from DocuSign itself suggesting when the lease documents were sent, that certain documents were sent to Mr. Bizzarro's email, and that these documents were returned signed shortly after.[60]

For starters, the fact that an identical electronic signature was used across the lease documents or in unrelated documents is not persuasive (especially when it was executed via a "Pre-selected Style"[61]). Next, the declaration from Mr. Egbert merely suggests that Mr. Bizzarro

---

[55] *See, e.g.*, *Waltrip v. Pilot Travel Cntrs.*, Civ. No. 21-642 GBW/KRS, 2022 WL 2192892, *7 (D.N.M. June 17, 2022).

[56] *See Leone*, 810 F.3d at 1153–54; *see also Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) ("[I]f the moving party bears the burden of proof, to obtain summary judgment, it cannot force the nonmoving party to come forward with 'specific facts showing there [is] a genuine issue for trial' merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact. Instead, the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." (quoting *Mudrick v. Cross Servs., Inc.*, 200 Fed.Appx. 388, 340 (5th Cir. 2006) (alteration in original))).

[57] *See* Egbert Decl.

[58] *See* Def.'s Initial Disclosures 3 (noting the documents enclosed were stamped with DEF0001–DEF0043); Personal Guaranty (stamped with DEF0015–DEF0018).

[59] *See* Pl.'s Reply 3–4 (presenting comparisons); Leaf Finance Agreement, ECF No. 26-3.

[60] *See* Certificate of Completion; Mar. 8, 2021 DocuSign Email; Mar. 11, 2021 DocuSign Email.

[61] *See* Certificate of Completion.

was contemplating acting as the guarantor; it does not show with sufficient certainty that Mr. Bizzarro in fact executed the Personal Guaranty. And while persuasive, the evidence from DocuSign itself does not carry the day either. The automated emails from DocuSign to Jamie Strode suggest only that Mr. Bizzarro "viewed" two documents: "FSPH_001 Master Documents.pdf" and "FSPH_001 Lease Documents.pdf."[62] Similarly, the Certificate of Completion suggests only that Mr. Bizzarro signed some part of either or both "FSPH_001 Master Documents.pdf" and "FSPH_001 Lease Documents.pdf."[63] Finally, that Mr. Bizzarro produced the Personal Guaranty in his initial disclosures is suggestive, even highly suggestive, but it would not be so probative that no reasonable jury could not find for Mr. Bizzarro. Taken together, this evidence, which must be viewed in the light most favorable to the non-moving party, is insufficient under the rigorous summary judgment standard applied in situations such as this.

So, what is missing? The court observes that AVT has not made any effort to show that either of the documents listed in any of the DocuSign evidence—"FSPH_001 Master Documents.pdf" and "FSPH_001 Lease Documents.pdf"[64]—contained the Personal Guaranty. Indeed, from the evidence AVT has submitted, it is entirely unclear which document was which. AVT has submitted three relevant exhibits attached to Mr. Emery's declaration: the Master Lease, the Lease Schedule, and the Personal Guaranty.[65] But the DocuSign evidence lists only two. This discrepancy calls for explanation. It is also telling that the Certificate of Completion follows from the Lease itself, not from the Personal Guaranty. And while Jamie Strode was the

---

[62] Mar. 8, 2021 DocuSign Email; Mar. 11, 2021 DocuSign Email.
[63] *Cf.* Certificate of Completion.
[64] *See* Certificate of Completion; Mar. 8, 2021 DocuSign Email; Mar. 11, 2021 DocuSign Email.
[65] *See* Master Lease Agreement; Stipulated Loss Schedule; Personal Guaranty.

originator of the documents sent via DocuSign,[66] AVT has failed to present testamentary evidence that Jamie Strode sent the Personal Guaranty to Mr. Bizzarro and that the Personal Guaranty was returned signed.

The upshot of this is that while AVT has presented evidence *sufficient* to support a finding that the signature on the Personal Guaranty was Mr. Bizzarro's,[67] it has not provided evidence that *compels* that conclusion. Therefore, because a reasonable jury could find these gaps in information to be persuasive and could thereby find for Mr. Bizzarro, the court must deny AVT's Motion on its breach of contract claim.

## B. Order Authorizing Foreclosure

AVT also argues it is entitled to summary judgment for foreclosure on its security interest.[68] It contends that the Personal Guaranty entitled it to a security interest in all of Mr. Bizzarro's assets upon a default.[69] AVT also points out that it recorded a UCC Financing Statement, listing "[a]ll assets" of Mr. Bizzarro as the collateral, in Maryland on October 10, 2022.[70] However, because the court has denied AVT summary judgment on its breach of contract claim, the court must also deny AVT summary judgment on its foreclosure claim, as the latter claim is predicated on the former.[71]

---

[66] *See* Certificate of Completion, Mar. 8, 2021 DocuSign Email, Mar. 11, 2021 DocuSign Email.
[67] *See supra* Section A.3.
[68] *See* Pl.'s Mot. 9–10.
[69] *See* Pl.'s Mot. 9; Personal Guaranty ¶ 2 ("Upon the occurrence of an Event of Default, Guarantor hereby irrevocably grants a security interest in and authorizes Lessor to file any financing statements or other security instruments, in the appropriate filing office that indicate as collateral to secure Guarantor's obligations hereunder all assets of Guarantor or words of similar effect, including all goods, machinery, furnishings, fixtures, equipment, general intangibles, accounts, inventory, personal and other property, and any accessions, substitutions, replacements, proceeds and products thereof, wherever located, and whether now or hereafter existing, and Lessor may then enforce any rights available to a secured party under the Uniform Commercial Code.").
[70] Emery Decl. ¶ 18; UCC Financing Statement, ECF No. 15-1, Exh. 4.
[71] *See* Complaint ¶¶ 33–34.

**ORDER**

Accordingly, AVT's Motion for Partial Summary Judgment is DENIED without

prejudice.


Signed January 11, 2024.

BY THE COURT

David Barlow
United States District Judge